KEVIN MAHONEY (SBN: 235367)
kmahoney@mahoney-law.net
BICVAN BROWN (SBN: 201897)
bbrown@mahoney-law.net
JENNIFER HAN (SBN: 281655)
jhan@mahoney-law.net
MAHONEY LAW GROUP, APC
249 E. Ocean Boulevard, Suite 814
Long Beach, California  90802
(562) 590-5550 Telephone
(562) 590-8400 Facsimile

Attorneys for Plaintiff,
TED CHAVEZ, individually and on behalf of all similarly situated employees,

# IN THE UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED CHAVEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR PRODUCTS AND CHEMICALS, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:15-CV-4736<br><br>**COMPLAINT**<br><br>[CLASS ACTION]<br><br>1. Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A) and 15 U.S.C. § 1681n(a) (Obtaining Consumer Reports Without Facially Valid Authorizations)<br><br><u>DEMAND FOR JURY TRIAL</u> |

## INTRODUCTION

1. This is a class action brought by Plaintiff TED CHAVEZ (hereinafter "Plaintiff") against AIR PRODUCTS AND CHEMICALS, INC. ("Defendant").

2. Plaintiff brings this nationwide class action on behalf of himself and all other individuals who applied for employment with Defendant and who executed a

release and authorization form permitting Defendant to procure a consumer report and/or investigative consumer report on them as part of Defendant's employment application (hereinafter "Class"). Specifically, Plaintiff complains that Defendant has a uniform policy or practice of obtaining an applicant's consumer report by and through the use of a legally invalid authorization form and has violated the Fair Credit Reporting Act (the "FCRA") by using a form that: 1) fails to provide a clear and conspicuous disclosure; and 2) fails to provide a disclosure that appears in a document that consists solely of the disclosure.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681, *et seq.*

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in this State, has systemic and continuous ties with this state, and has agents and representatives that can be found in this state. Thus, Defendant has sufficient minimum contact with, otherwise purposefully avails itself of the markets in the State of California, or otherwise has sufficient contact with this District to justify it being fairly brought into court in this District.

5. Venue is proper in the United State District Court, Central District of California pursuant to 28 U.S.C. § 1391, because Defendant maintains offices, has agents, and/or is licensed to transact and does transact business in this District. Key decisions, agreements and activities regarding the unlawful, fraudulent and unconscionable actions of Defendant as described further within, were made in this District and emanated to other districts including those in California. Furthermore, Defendant has resided within this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

///
///

# THE PARTIES

## A. The Plaintiff

6. TED CHAVEZ ("Plaintiff") is a resident of Riverside County, California. On or around January 13, 2011, in connection with Plaintiff's application for employment with Defendant, Plaintiff executed an authorization and release form that purported to allow Defendant to obtain a consumer report and/or an investigative consumer report on him.

7. On information and belief, Defendant obtained a consumer report and/or an investigative consumer report, by and through means of, one of the following credit reporting agencies: Experian, Transunion, Equifax.

## B. The Defendant

8. Plaintiff is informed and believes, and based thereon alleges that, Defendant AIR PRODUCTS AND CHEMICALS, INC. ("Defendant") is a Pennsylvania corporation who manufactures, processes, produces and provides gases, materials and chemicals for industrial uses, and is and/or was the employer of the Plaintiff and Plaintiff Class during the Class Period. Plaintiff is informed and believes that each application for employment executed by individuals across the United States and in California included the same or nearly identical legally invalid release and authorization form. Defendant's agent for service of process in California is C T CORPORATION SYSTEM which does business in California. The agent's address is 818 West Seventh St 2nd Fl., Los Angeles, CA 90017.

9. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the defendants sued herein as Does 1 through 10, inclusive, but on information and belief allege that said defendants are legally responsible for their uniform policy or practice of obtaining an applicant's consumer report by and through the use of a legally invalid authorization form and have violated the FCRA by using a form that: 1) fails to provide a clear and conspicuous disclosure; and 2) fails to provide a disclosure that appears in a

document that consists solely of the disclosure. Therefore, by virtue of their unlawful practices, Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Doe defendants when ascertained.

## FACTUAL ALLEGATIONS

10. On or about January 13, 2011, Plaintiff applied for employment with Defendant. At that time, Plaintiff was required to sign certain application documents, including an "Authorization of Release of Information for Employment Application" form ("Authorization Form").[1]

11. Plaintiff alleges on information and belief that in evaluating him for the applied position, Defendant procured or caused to be prepared, a consumer, investigative consumer, and/or credit report as defined by 15 U.S.C. Section 1681a(d)(1)(B), 15 U.S.C. Section 1681a(e), Cal.Civ. Code Section 1786.2(c), and Cal. Civ. Code Section 1785.3(c).

12. In connection with Plaintiff's employment application, Plaintiff completed Defendant's standard application materials, which on information and belief, were used by Defendant in the connection with its employment application policies, procedures and/or practices. Among other things, Defendant's Employment Application contained the "Authorization Form" which included an agreement and consent for a background check.

13. By signing the Authorization Form, which included the agreement and consent for background check, Plaintiff "authorize[d] AIR PRODUCTS AND CHEMICALS, INC. and its affiliated companies … by and through one or more of the following consumer reporting agencies: Experian, Transunion, Equifax ("Agencies") to

---

[1] An exemplar of the Release and Authorization Form completed and signed by Plaintiff is attached as Exhibit "A".

procure a consumer report and/or investigative consumer report on [him]" (emphasis in original).

14. The Agencies are consumer reporting agencies as that term is defined in 15 U.S.C. 1681a(f) because, for monetary fees or dues, the Agencies regularly engage in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports. *See* 15 U.S.C. 1681a(f).

15. Indeed, Experian, Transunion, Equifax are listed as the three major national credit bureaus, a common type of credit reporting agency ("CRA") on internet websites.[2]

16. The Notice form stated that Plaintiff's consumer and/or investigative report:
> [m]ay be requested [and] will include information as to my character, work habits, performance, and experience, along with reasons for termination of past employment. I understand that as directed by company policy and consistent with the job described, you may be requesting information from public and private sources about my: driving record, court record, education, credentials, credit, and references. If company policy requires, I am willing to submit to drug testing to detect the use of illegal drugs prior to and during employment.

17. On or about January 13, 2011, one or more Agencies assembled and/or evaluated information on Plaintiff, for the purpose of preparing and/or furnishing Plaintiff's consumer report to Defendant.

18. 15 U.S.C. § 1681 defines "consumer report" in pertinent part as: "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is

---
[2] *See* www.usa.gov/topics/money/credit/credit-reports/bureaus-scoring.shtml.

5
COMPLAINT

used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for […] employment purposes."

19. The document prepared and furnished by one or more Agencies and procured by Defendant is a consumer report because it is written communication of information by one or more of Agencies, a consumer reporting agency, that bears on Plaintiff, a consumer, credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living and was used and collected in whole or in part for the purpose as a factor in establishing Plaintiff's eligibility for employment.

20. Specifically, Plaintiff's consumer report included, among other information, background information relating to his driving record and/or criminal record. Upon information and belief, such information bears on Plaintiff's character, general reputation, personal characteristics and mode of living.

21. Upon information and belief, Plaintiff's consumer report includes background consumer information from private, non-governmental sources.

22. On or about January 13, 2011 Defendant obtained Plaintiff's consumer report by and through one or more Agency, a consumer reporting agency, for employment purposes.

23. For at least five years prior to filing of this action and through to the present, Defendant consistently maintained and enforced an Authorization Form against Defendant's applicants for employment, in violation of Federal Law (the "Class Period").

24. Plaintiff is informed and believes that during the Class Period, Defendant instituted a policy and practice in connection with Defendant's application for employment whereby Plaintiff and the Class were required to execute an Authorization Form purportedly authorizing Defendant to obtain a consumer report on them that may include information relating to criminal and civil records, credit history,

employment history and other background consumer information as specified in the Release and Authorization Form. *See,* Exhibit "A".

25. The Notice form includes the following language which includes a release:
    > I hereby release the employer and agents and all persons, agencies, and entities providing information or reports about me from any and all liability arising out of the requests for or release of any of the above mentioned information or reports.

26. Defendant's waiver of rights provisions facially contravene the requirements of the FCRA that the disclosure appear in a document that consists solely of the disclosure.

27. In the last section of the Authorization Form, Defendant required that Plaintiff and the Class provide a variety of other background information including but not limited to their: 1) name; 2) other names used; 3) current home address; 4) social security number; 5) driver's license number; 6) date of birth.

28. Plaintiff is informed and believes that Defendant knew that the Authorization Form was invalid and in violation of FCRA, yet still required Plaintiff and the Class to execute the invalid form.

29. Based on the foregoing, Defendant's Authorization Form is facially invalid and in violation of the FCRA's requirement that the authorization provide a clear and conspicuous disclosure, and that the disclosure appear in a document that consists solely of the disclosure.

## **CLASS ALLEGATIONS**

30. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

31. The Class to be certified against Defendant is defined as follows:
    > All individuals, who at any time from June 22, 2010 through the present, applied for positions for employment with Defendant and who executed forms authorizing Defendant to obtain a consumer report by

and through a consumer reporting agency, as a part of Defendant's employment application.

32. The individuals in the Class are so numerous that joinder of all members is impracticable.  Although the precise number of individuals is currently unknown, Plaintiff believes that the number of individual members of the Class exceeds 20,000.

33. Notice of the pendency and any resolution of this action can be provided to potential members of the Class by mail, print, and/or internet publication.

34. There is a well-defined community of interest in the litigation and the potential members of the Class are readily ascertainable.

35. This case is maintainable as a class action under Rule 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

36. There are common questions of law and fact as to the Class that Predominate over questions affecting only individual members, including but not limited to:

    a. Whether Plaintiff and the Class applied for employment positions with Defendant;

    b. Whether Defendant's Authorization Forms executed by Plaintiff and the Class were facially invalid by virtue of language included in the Authorization form that no longer makes it a "document that consists solely of the disclosure", as required by 15 U.S.C §1681b(b)(2)(A);

    c. Whether Defendant violated 15 U.S.C. §1681b(b)(2)(A) by including language constituting a release of claims as part of its Authorization forms;

    d. Whether Defendant's Release and Authorization forms executed by Plaintiff and the Class were invalid by virtue of language included in the Authorization Form that no longer makes it a "clear and conspicuous disclosure", as required by 15 U.S.C. § 1681b(b)(2)(A);

  e. Whether Defendant willfully violated the FCRA by including language releasing Defendant and third parties from liability;

  f. Whether Defendant willfully violated the FCRA thereby triggering statutory damages to Plaintiff and the Class as set forth in 15 U.S.C. § 1681n(a);

  g. Whether Plaintiff and the Class are entitled to statutory damages under 15 U.S.C. § 1681n(a) and, if so, the amount and calculation of such statutory damages;

  h. Whether Defendant negligently violated the FCRA by including language releasing Defendant and third parties from liability;

  i. Whether Defendant negligently violated the FCRA thereby triggering actual damages to Plaintiff and the Class as set forth in 15 U.S.C. § 1681o(a) and, if so, the amount and calculation of such actual damages; and

  j. Whether Plaintiff and the Class are entitled to recover punitive damages under 15 U.S.C. § 1681n(a)(2) and, if so, the amount and calculation of such punitive damages.

37. Both Plaintiff and the undersigned counsel are adequate representatives of the Class. Plaintiff is a member of the Class. Plaintiff has the incentive and is committed to the prosecution of this action for the benefit of the Class. Plaintiff has no interests that are antagonistic to those of the Class or that would cause him to act adversely to the best interests of the Class. Plaintiff has retained counsel experienced in class action litigation.

38. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

///

///

///

///

# FIRST CAUSE OF ACTION

## Violation of the Fair Credit Report Act

### (Obtaining Consumer Reports Without Facially Valid Authorizations)

### (By Plaintiff and the Class Against Defendant, Does 1 – 10, and Each of Them)

39. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

40. Pursuant to 15 U.SC. § 1681b(a)(3)(B), a consumer reporting agency may furnish a consumer report for employment purposes.  Likewise, a consumer report may be used for the evaluation of "a consumer for employment, promotion, reassigning or retention of an employee." 15 U.S.C. § 1681b(b)(1).

41. The FCRA requires that, prior to procuring a consumer report on an individual for employment purposes, the employer must: (1) provide a clear and conspicuous disclosure to each applicant in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A).  Section 1681b(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure".

42. Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

> i. … a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, *unless*--
>
>> (i) a *clear and conspicuous disclosure* has been made in writing to the consumer at any time before the report is procured or cause to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>>
>> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the

report by that person. 15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

43. On or around January 13, 2011, Plaintiff was required to sign an Authorization form as part of his job application.

44. Included in Defendant's Authorization form was 1) a purported authorization to procure a consumer report or an investigate consumer report; 2) a waiver of liability provision; 3) a request for various other personal information of Plaintiff including his name, other names used, current address, former addresses, social security number, telephone number, driver's license number, date of birth, felony and misdemeanor convictions, pending warrants. Defendant's inclusion of the aforementioned Authorization Form releasing Defendant from liability, executed by applicants facially contravenes the requirements of 15 U.S.C. §1681b(b)(2)(A) that the disclosure be: 1) "clear and conspicuous"; and 2) appear "in a document that consists solely of the disclosure."

45. As a matter of law, Defendant's inclusion of the aforementioned information invalidates the Release and Authorization form for the purposes of the FCRA. *See Milbourne v. JRK Residential America, LLC*, No. 3:12cv861, 2015 WL 1120284 at *6 (E.D. Va. March 11, 2015)(denying employer's motion for summary judgment of plaintiff's section 1681b(b)(2)(A) claim, finding that "inclusion of a waiver within the document containing the disclosure would violate section 1681b(b)(2)(A)(i)."); *see Singleton v. Domino's Pizza*, No. 11-1823, 2-12 WL 245965 at *9 (D.Md. Jan. 25, 2012)(denying employer's motion to dismiss plaintiff's section 1681b(b)(2)(A) claim, finding that "both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document"); *see also Reardon v. ClosetMaid Corporation*, No. 2:08-CV-01730, 2013 WL 6231606 at *9 (W.D. Pa. Dec. 2, 2013)(granting partial summary judgment to plaintiff on plaintiff's Section 1681b(b)(2)(A) claim, noting that "ClosetMaid's inclusion of a release provision in

the Authorization Form…facially violates section 1681b(b)(2)(A)(i)" because "the authorization form simply does not comply with the FCRA's express requirement that the disclosure appear in a document that consists solely of the disclosure…"); *see also*, Letter from William Haynes, Attorney, Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEO, Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the inclusion of a waiver in a disclosure form will violate the FCRA).

46. Defendant acted willfully by providing a facially invalid Release and Authorization Form that was in direct violation of the clear and unambiguous requirements set forth in 15 U.S.C. §1681b(b)(2)(A). Defendant knew or acted with reckless disregard of its statutory duties and the rights of applicants and employees, including Plaintiff and the Class, thus knowingly and/or recklessly disregarding its statutory duties.

47. On information and belief, as well as Plaintiff's investigation, Defendant's conduct was willful because:
   a. Defendant required Plaintiff and the Class to execute the Authorization Form knowing that it was facially invalid in violation of the FCRA and Defendant's statutory duties;
   b. Defendant acted with reckless disregard of the FCRA requirements and Defendant's statutory duties when it required Plaintiff and the Class to execute the Release and Authorization Form that was facially invalid and in violation of the clear and unambiguous requirements of the FCRA;
   c. On information and belief, Defendant was advised by skilled lawyers and other professional employees, and advisors knowledgeable about the FCRA requirements;
   d. The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements;

    e. The FTC's express statements, pre-dating Defendant's conduct, state that it is a violation of 15 U.S.C. § 1681b(b)(2)(A) to include a liability waiver in the FCRA disclosure form; and

    f. On information and belief the Agencies informed Defendant of its obligations under the FCRA and required Defendant to certify its compliance with the FCRA.

48. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), Plaintiff and the Class are entitled to statutory damages due to Defendant's willful failure to comply with the requirements posed by 15 U.S.C. § 1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

49. In the alternative, Plaintiff alleges that Defendant's conduct in violation of the FCRA and Defendant's statutory duties was negligent, and therefore Plaintiff and the Class are entitled to actual damages, if any pursuant to 15 U.S.C. §1681o(a)(2).

50. Upon information and belief, Plaintiff and the Class suffered actual damages as a result of Defendant's negligent conduct.

51. Plaintiff and the Class are entitled to recover punitive damages for Defendant's willful violations, in an amount as the Court may allow.

52. Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiff and the Class are also entitled to recover costs of suit with reasonable attorneys' fees, as determined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of the Class, prays for an order for relief as follows:

1. That Defendant be found liable to Plaintiff and the Class;
2. For a declaration that Defendant violated the rights of Plaintiff and the Class under the FCRA, and any other applicable law;

3. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to Plaintiff and the Class in an amount equal to $1,000 for Plaintiff and each member of the Class for Defendant's willful violations of the FCRA;

4. In the alternative to statutory damages, and pursuant to 15 U.S.C. §1681o(a)(1), an award of actual damages to Plaintiff and each member of the Class, in an amount according to proof, for Defendant's negligent violation of the FCRA;

5. Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to Plaintiff and the members of the Class in an amount to be determined by the Court;

6. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure;

7. For costs of suit and expenses incurred herein, including reasonable attorneys' fees and costs allowed under relevant provision of law including, but not limited to, those allowed under 15 U.S.C. §1681n(a)(3), 15 U.S.C. §1681o(a)(2), and/or other applicable provisions of law; and

8. For any and all other relief that the Court may deem just, proper and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of his claims to the extent authorized by law.

Dated: June 22, 2015                    **MAHONEY LAW GROUP, APC**

                                        By:     /s/ Jennifer Han
                                        Kevin Mahoney, Esq.
                                        Bicvan Brown, Esq.
                                        Jennifer Han, Esq.
                                        Attorneys for Plaintiff TED CHAVEZ

14
COMPLAINT